BURGESS, Respondent, vs. C. AULTMAN & Co., imp., Appellant.

*September 30 — October 20, 1891.*

*Service of summons: Foreign corporations: Agency: Evidence.*

The evidence in this case — showing, among other things, that the general agents of a foreign manufacturing corporation, having their office in Illinois, employed one S. in the matter of selling its machinery in this state, authorizing him to sign contracts, etc., in the name of the corporation "per W. G. & W. B., general agents, by S.;" that S. appointed local agents who did all business and made all settlements, etc., with him as the agent of the corporation — is *held* to sustain a finding that S. was an agent of the corporation upon whom a summons might be served, under subd. 11, sec. 2637, R. S., authorizing service upon "any agent having charge of or conducting any business" for the corporation "in this state."

APPEAL from the Circuit Court for *Buffalo* County.

Action to foreclose a mortgage. The appeal is from an order denying the petition of the defendant *C. Aultman & Co.* that the judgment be set aside and that it have leave to answer. The facts are stated in the opinion.

For the appellant there was a brief by *Shepard, Haring & Frost,* attorneys, and *Edward W. Frost* of counsel, and oral argument by *Mr. Frost.* They argued, *inter alia,* that the admissions and declarations of an agent are not evidence of his agency, unless brought home to the alleged principal. *Bacon v. Johnson,* 56 Mich. 182; *Davis v. Henderson,* 20 Wis. 520; *Stringham v. St. Nicholas Ins. Co.* 4 Abb. Ct. App. Dec. 315; Mechem, Agency, sec. 100; *Hatch v. Squires,* 11 Mich. 185; *Kornemann v. Monaghan,* 24 id. 36; *Reynolds v. Continental Ins. Co.* 36 id. 131; *Howe Mach. Co. v. Clark,* 15 Kan. 492; *Carter v. Burnham,* 31 Ark. 212; *Nelson v. Tumlin,* 74 Ga. 171; *Wood M. & R. Mach. Co. v. Crow,* 70 Iowa, 340; *Stollenwerck v. Thatcher,* 115 Mass. 224; *Livesley v. Lasalette,* 28 Wis. 38; *Austin v. Austin,* 45 id. 523, 531; *Randall v. N. W. Tel. Co.* 54 id. 140. The

agent's acts and statements cannot be made use of against the principal, until the fact of the agency has been shown by other evidence. *Hatch v. Squires,* 11 Mich. 185; *McClung's Ex'rs v. Spotswood,* 19 Ala. 165; *Ætna Ins. Co. v. N. W. Iron Co.* 21 Wis. 458; *Stringham v. St. Nicholas Ins. Co.* 4 Abb. Ct. App. Dec. 315; *Davis v. Henderson,* 20 Wis. 520; *Omaha & Grant S. & R. Co. v. Tabor,* 13 Col. 41. General reputation does not prove agency. Mechem, Agency, sec. 101; *Blevins v. Pope,* 7 Ala. 371; *Graves v. Horton,* 38 Minn. 66; *Emmons v. Dowe,* 2 Wis. 322; *Whitney v. State Bank,* 7 id. 620; *Kasson v. Noltner,* 43 id. 646; *Appleton Bank v. McGilvray,* 4 Gray, 518; *Comm. Bank v. Jones,* 18 Tex. 311; *Stevens v. Babcock,* 3 B. & A. 354. There can be no ratification binding upon the principal, unless he has full knowledge of all the facts. *Ætna Ins. Co. v. N. W. Iron Co.* 21 Wis. 458; *Dodge v. McDonald,* 14 Wis. 553; *Ladd v. Hildebrand,* 27 id. 135; *Coleman v. Colgate,* 69 Tex. 88; *Bond v. Pontiac, O. & Pt. A. R. Co.* 62 Mich. 643; *St. Clair v. Cox,* 106 U. S. 350.

*Robert Lees,* for the respondent, to the point that Stedman was an agent of *C. Aultman & Co.* within the meaning of the statute, cited *Hiller v. B. & M. R. R. Co.* 70 N. Y. 227; *In re Empire City Bank,* 18 id. 200; *Happy v. Mosher,* 48 id. 313; *Gibbs v. Queen Ins. Co.* 63 id. 114; *Pope v. Terre Haute C. & M. Co.* 87 id. 137; *Childs v. Harris Mfg. Co.* 104 id. 477; *Hagerman v. Empire Slate Co.* 97 Pa. St. 534; *St. Louis R. Co. v. Deford,* 38 Kan. 299; *Norton v. Berlin Iron Bridge Co.* 51 N. J. Law, 442.

ORTON, J.    On March 8, 1880, the appellant, *C. Aultman & Co.,* a corporation of the state of Ohio, obtained a judgment of foreclosure against one William H. Evans, in the circuit court of Buffalo county, upon a note and mortgage executed by the said Evans to said appellant, February 20, 1878. The property so mortgaged was the S. ½ of the

S. E. ¼ of section 7, township 23 N., of range 13 W., situated in said county. The judgment of foreclosure was for the sum of $354.18, and the property was duly sold and deeded to said appellant, April 28, 1881.

On January 15, 1883, one John Burgess, the respondent, commenced an action of foreclosure against said William H. Evans, Edmund Geibel, and said *C. Aultman & Co.*, upon a note and mortgage executed by said Evans to one Edward Chaenpeny, February 7, 1876, and assigned to the respondent, October 28, 1882. This mortgage covered the same land as that in the first-mentioned mortgage, and in addition the N. W. ¼ of the N. E. ¼ of section 18, in the same township and range. Service was had on said Evans and Geibel. The summons and notice of the object of the action were also served by the sheriff of Monroe county on one B. F. Stedman, at Sparta, on January 20, 1883, as the agent of said corporation, *C. Aultman & Co.*, in this state. The sheriff made return that on the 20th day of January, 1883, he served the said summons and annexed notice on *C. Aultman & Co.* by delivering to and leaving with B. F. Stedman, personally, true copies of the same at Sparta, etc., said B. F. Stedman being the general agent of *C. Aultman & Co.* for the northwestern portion of Wisconsin.

On February 9, 1883, one C. Moser, Jr., Esq., then an attorney at Alma, Wis., served a notice of appearance and answer in said action, in the name of *C. Aultman & Co.*, upon Robert Lees, Esq., the attorney of the plaintiff. On July 9, 1883, said Moser filed a withdrawal of said answer and all further appearance in the action. On July 9, 1883, judgment was taken by default in the action, for $514.91, including costs, and the mortgaged property was afterwards duly sold to the respondent, and the report of sale filed.

On or about April 12, 1890, the said appellant filed its petition and answer in the last above action, setting forth in said petition the proceedings in both said actions, sub-

stantially as above, and stating that it had no notice of said last-mentioned action, judgment, and sale until May 1, 1889, and that said Stedman never was its general or other agent in Wisconsin, and that said Moser was not its attorney to appear and answer for it in said action; that the first described eighty acres in said mortgage was sufficient to satisfy said judgment; and asked that said judgment be set aside and a new trial had in said action. The issue formed by said petition, and the affidavit of the said respondent and other affidavits, was tried by the court on evidence taken. This issue for trial seems to have been confined to whether the said Stedman was the agent of the appellant corporation at the time service was so had upon him as such, and authorized to employ said Moser to appear and answer for it. The court found upon this issue:

(1) That the summons and complaint were duly served on B. F. Stedman, who at the date of such service was an agent of the said *C. Aultman & Co.*, and was then "engaged in conducting and had charge of business of said *C. Aultman & Co.* in this state;" that said business consisted in appointing subagents for the sale of goods of said *C. Aultman & Co.*, and in superintending their business, settling with such subagents; that such goods were sold by said subagents as the property of *C. Aultman & Co.*, generally for notes due at some future time, and that such notes were taken in the name of the said *C. Aultman & Co.*, and were in fact their property when taken; that said Stedman was appointed by W. G. & W. Barnes, of Freeport, Ill., who were general agents of *C. Aultman & Co.*, and that his compensation was paid by them, but that he had the general control of all the business of *C. Aultman & Co.* in this state, and no other general agent of *C. Aultman & Co.* took any part in the transaction of such business, except by way of correspondence from the general office of said defendant in Canton, Ohio, or from the office of said W. G. & W. Barnes in Freeport, Ill.

(2) That the cause of action for which this action is brought was in this state, and that the plaintiff is, and at the time of the commencement of the action was, a resident of this state.

(3) That said *C. Aultman & Co.* is a foreign corporation, organized under the laws of the state of Ohio, and its principal office is located in the said last named state.

There is another finding that Moser did in fact appear and file an answer, and that Stedman retained him to do so, and was in the habit of engaging attorneys for *C. Aultman & Co.* whenever it was necessary so to do, but that such appointment was usually made by express direction of said *C. Aultman & Co.* through said firm of W. G. & W. Barnes, and it does not appear that he had any express authority to employ said Moser; but this finding is quite immaterial. If the finding that Stedman was the agent of *C. Aultman & Co.* at the time, in this state, is sustained by the evidence, then the service on *C. Aultman & Co.* as a foreign corporation, through him as its agent "having charge of or conducting any business therefor in this state," was sufficient. R. S. sec. 2637, subd. 11.

The real question is whether the testimony sustains the finding that Stedman was the agent of the appellant company, having charge of and conducting any business therefor in this state. The witnesses connected with the corporation seem to be very positive that Stedman was not their agent, and did not have charge of or conduct any business whatever for *C. Aultman & Co.* in this state. Stedman himself testified, at first, that he was not their agent, but afterwards admitted that he was instructed by W. G. & W. Barnes, the general agents of *C. Aultman & Co.*, to sign all papers of importance, contracts, or anything of that kind, " *C. Aultman & Co.*, per W. G. & W. Barnes, General Agents, by B. F. Stedman." This made Stedman as much the agent of the company as if he had written "agent"

after his name. The business was done for *C. Aultman & Co.* by him. He had the authority, it seems by this, to draw important papers, contracts, and things of that kind, and to make such contracts with third persons for *C. Aultman & Co.* He said he did not have authority to sign such contracts and papers of importance as agent, in his own name. Of course not, and an agent should never do so. He should sign the name of his principal by himself as agent. It seems, then, that he was authorized to sign such important papers, " *C. Aultman & Co.,* by W. G. & W. Barnes, General Agents, by B. F. Stedman." He must have had authority to do important business for the company, and make contracts, etc. In papers of little importance, he *often* signed his name as general agent for W. G. & W. Barnes. That must have been in the business of *C. Aultman & Co.* He shows that he acted in important as well as unimportant business for *C. Aultman & Co.,* and made contracts and drew papers in attending to it.

The witness Reinhardt handled the machinery of *C. Aultman & Co.,* and acted as local agent for the company at Alma, Wis., and Stedman settled all the business between the company and himself, and he looked upon him as the general agent of the company. He made contracts with him, settled machine and repair accounts with him, and received money of him, as such agent. He sometimes signed the names of W. G. & W. Barnes by himself, and sometimes he signed his own name as agent without the names of W. G. & W. Barnes. The witness sometimes sold such machinery on his own account, and handed the notes over to Stedman. He was appointed local agent to sell such machinery by Stedman. A paper was identified by the witness, signed " *C. Aultman & Co.,* by Stedman," but it was after the foreclosure; and three of the notes were identified and placed in evidence.

The witness De Groff lived in Buffalo county, and com-

menced selling machinery in 1876, and from 1882 to 1884 sold the machinery of *C. Aultman & Co.* by the appointment of Stedman, and did not know either *C. Aultman & Co.* or W. G. & W. Barnes, and never knew any one in the matter except Stedman, and did all the business through him. He made all contracts and settled all accounts with B. F. Stedman. In selling machinery on time, he took notes payable to *C. Aultman & Co.* He never had any trouble about the company's refusing to recognize these settlements.

This testimony is of the most conclusive character. There were two local agents to sell the machinery of *C. Aultman & Co.*, who did business in that part of the state, when the summons was served on Stedman, with him exclusively as the agent of *C. Aultman & Co.* They did all the business with Stedman, and it was of such a character that *C. Aultman & Co.* must have known of it. It seems that whenever W. G. & W. Barnes had any business of *C. Aultman & Co.* in that part of the state, it was sent to and done by Stedman, and he seems to have done all their machinery business in that region, and, of course, did it as their agent.

The main ground of the petition is that the judgment of foreclosure is void as to *C. Aultman & Co.* for want of service upon it as a corporation, or for want of jurisdiction of it in the action. It was a mere question of fact whether B. F. Stedman, on whom the summons and notice of the objects of the action were served, was, at the time, the agent of the appellant, *C. Aultman & Co.*, as a foreign corporation. The authorities cited by the learned counsel are foreign to such fact, and become immaterial. The case depended wholly upon the question of jurisdiction. The finding of the court that Stedman was the agent of the appellant when service was made upon him as such agent, as we have seen, was amply sustained by the testimony. The court, therefore, very properly denied the petition and overruled the motion for a new trial.

The only material defense the appellant *C. Aultman & Co.* seems to have to the action is that the eighty acres of land in both mortgages was of sufficient value and would probably sell for enough to satisfy the respondent's mortgage, if ordered to be first sold. That is a mere matter of opinion, at best, and the presumption is that both tracts of land were sold by the sheriff for what they would bring and to the highest bidder.

*By the Court.*— The order of the circuit court is affirmed.

